UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                    Criminal No. 07-cr-65-2-SM
                                          Opinion No. 2008 DNH 048

<u>Deidre Scheffler</u>

**O R D E R**

Defendant moves to amend the sentence imposed based, <u>inter alia</u>, on the United States Sentencing Commission's retroactive amendment of the "crack" cocaine guideline (Amendments 706 and 711), effective March 3, 2008.

At sentencing, on July 30, 2007, defendant's guideline Total Offense Level (TOL) was properly calculated as 15 and her Criminal History Category (CHC) as III, which yielded a recommended term of imprisonment of 24-30 months. The court, however, imposed a non-guidelines or variant (<u>i.e.</u>, <u>Booker</u>[1]) sentence of 18 months, taking into account both the sentencing factors described in 18 U.S.C. § 3553(a), and defense counsel's argument that: the offense involved a single sale of a relatively small amount of "crack" cocaine; defendant was not acting completely independently, but rather was heavily influenced by her drug-dealing boyfriend upon whom she depended

---

[1] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

for food and shelter; there was an extended delay of a year and a half between the offense conduct and defendant's arrest, during which she made substantive and effective efforts to address her drug addiction; defendant suffered from a background of physical and sexual abuse; she voluntarily elected detention in order to take advantage of drug treatment programs, and, finally, the Sentencing Commission had, at that time, recognized the unrealistic nature of the crack-powder disparity in guideline sentencing, and had proposed an amendment to address that anomaly.

   Defendant seeks the benefit of the retroactive reduction in the crack guideline, in the form of a further reduction of her sentence by 25% — representing a reduction from the low end of the newly applicable guideline range occasioned by the retroactive reduction of the crack guideline, that is consistent with the reduction under Booker, from the low end of the originally calculated guideline range.  That is, the original calculation should be retroactively reduced from TOL 15/CHC III (24-30 mos.) to TOL 13/CHC III (18-24 mos.), and the sentence previously imposed (18 mos.) should likewise be reduced by about 25% — the amount the bottom of the range has been retroactively lowered (i.e., 6 is 25% of 24).

The amended policy statement issued by the Commission relative to reducing sentences to imprisonment as a result of a retroactively applied amended guideline range, as we have here, provides, in pertinent part, as follows:

> <u>In General</u>.  In a case in which a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendants' term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

> <u>Exception</u>.  If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guidelines range determined under subdivision (1) of this subsection may be appropriate.  However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B).

The government opposes defendant's motion on grounds that the court already took into account the anticipated crack guideline reduction when it fashioned its <u>Booker</u> sentence, so no further reduction is warranted.  Defendant counters that while

the court explicitly did take the then-proposed reduction into account, several other factors also animated the decision to impose a Booker sentence, so the full reduction contemplated under the applicable policy statement should obtain.

First, to the extent defendant seeks a full resentencing on the theory that the retroactive crack amendment opens the door to such a process, the motion is denied. Booker applied at the time of sentencing and, as noted, defendant actually received a Booker sentence. And, the court took into account the proposed amendment in fashioning the variant sentence. So, even if a full resentencing would be appropriate, which I doubt, I still would not exercise my discretion to resentence in full, since the outcome would be the same — the only variable of significance between the original sentencing and the current motion is the fact that the crack amendment is now retroactive.[2]

Second, to the extent the government says no further reduction is warranted because the then-proposed change in the crack guideline was taken into account in fashioning the Booker

---

[2] That defendant has a good record post-sentencing, and has continued to make substantial progress in dealing with her addiction, are not to be overlooked. But those facts relate primarily to the availability of a sentence reduction under the retroactive amendment, and not to her entitlement to a full resentencing hearing. See, e.g., U.S.S.G. § 1B1.10(a)(3) and Application Note 1(B).

sentence imposed, it overlooks the fact that the 18 months imposed (under Booker) is now equivalent to the bottom of the newly-applicable guideline range. So, leaving the sentence as is would effectively deprive defendant of the sentence reduction allowed in substantial part on grounds unrelated to the then-proposed crack guideline amendment.

It is not possible to quantify with precision just what mathematical fraction accurately reflects that part of the reduced sentence attributable to the anticipated crack guideline adjustment and what part is attributable to the other factors noted by this court. Suffice it to say that part of the Booker reduction did relate to the anticipated amendment, but certainly not all, and certainly not none.

The sentence imposed under Booker was six months lower than the bottom of the then-applicable guideline range (18 mos. instead of 24 mos). Eighteen months, as noted at sentencing, equated to TOL 13/CHC III. Now, TOL 13/ CHC III is the correct recalculated advisory guideline range, which provides for a low end of 18 months imprisonment. Considering that retroactively adjusted advisory range (which fully accounts for the amendment as a factor in determining a variant sentence), a further reduction is warranted to account for the other § 3553(a) factors

upon which the court based the variant sentence previously imposed. That reduction, the amended policy statement wisely counsels, should generally be "comparably less" than the amended guideline range when compared to the reduction from the originally calculated guideline range.

## Conclusion

Defendant's motion is granted. An amended judgment shall be entered imposing a sentence of 13 months imprisonment. That sentence constitutes a reduction roughly approximate to the guidelines-counseled reduction, and also reflects the variant or Booker sentence the court would most likely have imposed in July of 2007, had the crack guideline amendment been effective and applicable to defendant's case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 4, 2008

cc: Aixa Maldonado-Quinones, AUSA
    Jeffrey S. Levin, Esq.
    U.S. Probation
    U.S. Marshal